CHRISTINE D. HOGIN and WILLIAM C. HOGIN, Plaintiffs

v.

ISLAND IDEAS, INC., d/b/a TROPIC DELIVERIES, Defendant
and Third-Party Plaintiff

v.

TRANSCONEX, INC., Third-Party Defendant

Civil No. 1082-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 20, 1971

## HOFFMAN, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

The complaint in this matter was filed on November 10, 1969 and it was answered on March 4, 1971 at which time the defendant also filed a third-party complaint requesting judgment against the third-party defendant for all sums which may be adjudged against the defendant. The parties also stipulated that the proper party defendant was Island Ideas, Inc., d/b/a Tropic Deliveries. On November 10, 1971, the date of the hearing in this matter, the Court also entered an Order which held the third-party defendant in default. The trial then proceeded.

The facts as developed during trial are as follows: In June of 1967 the plaintiffs, husband and wife, entered into a contract with the defendant, third-party plaintiff, for the movement of certain personal property belonging to the plaintiffs from Milwaukee, Wisconsin, to St. Thomas. Shortly afterwards the plaintiffs advanced $600.00 to the defendants for the purpose of accomplishing the move. The goods were then packed and shipped overland to New York where the defendant was to arrange for their consignment to the Transcarloading Corporation (now Transconex) which has been brought in as the third-party defendant. The goods, however, were not accepted. This was due to the fact, as Transcarloading informed Tropic, that the former could not accept a shipment with a COD charge. Following the rejection the goods were put into storage and later sold by the warehouse to satisfy freight and storage charges.

The plaintiffs when informed of this sorry development secured the services of a New York attorney in an effort to locate the goods. After considerable investigation the goods were found and Schiller Moving and Storage Co. which had made the original move to New York was able to purchase

them. Schiller and the plaintiff then executed a release whereby Schiller in consideration of $1,500.00 turned over and transferred the goods to Allied Van Lines for shipment to St. Thomas. The plaintiffs of course were required to pay Allied for the move.

When the shipment finally arrived in St. Thomas the plaintiffs were met with a final disappointment. Four cartons of the original shipment had been removed and replaced by four boxes of miscellany. The missing items included an extensive record collection, certain antique pieces and various electric appliances. At trial the parties stipulated that the value of the missing items was $1,000.00. Plaintiff's other losses are as follows: $600.00 (paid to defendant); 1,500.00 (paid to Schiller for release); 362.40 (paid to New York attorney); 81.20 (for long distance phone calls in connection with locating and shipping the goods). Thus the total damage suffered by plaintiffs amounts to $3,543.60.

From the foregoing account which shall constitute the Court's Findings of Fact the Court now makes the following Conclusions of Law:

That the defendant is liable for the breach of his contract with the plaintiffs and for the losses suffered by plaintiffs as a natural result of the breach.

That the plaintiffs be awarded Judgment in the amount of $3,543.60, in addition to $7.00 in Court Costs and $600.00 as an Attorney Fee, against the defendant and third-party plaintiff.

That the defendant and third-party plaintiff, having secured a Default Judgment against the third-party defendant, be awarded Judgment in the amount of $3,543.60, in addition to $7.00 in Court Costs and $600.00 as an Attorney Fee, against the third-party defendant.

Execution shall be stayed for a period of ten (10) days.